UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCIS P. CAPORUSSO,

    Plaintiff,

v.                                  Case No: 8:23-CV-1515-WFJ-UAM

JACQUELINE A. GARRIS n/k/a
JACQUELINE A. THOMPSON,

    Defendant.
_____/

## ORDER DECLINING SUPPLEMENTAL JURISDICTION AND REMANDING CASE TO STATE COURT

Before the Court is Francis P. Caporusso's ("Plaintiff") Third Amended Complaint (Dkt. 41), Plaintiff's Motion to Remand to State Court (Dkt. 36), and Jacqueline A. Garris's ("Defendant Garris") Objection to Plaintiff's Motion to Remand (Dkt. 38). Having considered the parties' briefings, the Court remands this case to the Thirteenth Judicial Circuit, Hillsborough County, Florida.

Plaintiff filed his original Complaint in the Thirteenth Circuit, a state court in Hillsborough County, Florida, on November 7, 2022. Dkt. 1-4 at 2. Over the past year, the Complaint was amended several times to add, and subsequently drop, Robert Bungarz as a defendant. Dkts. 1-14, 9, 41. It was also amended to add, and

subsequently drop, two counts, including one arising under federal law. Dkts. 1-14, 9, 41. Bungarz removed the case to federal court on July 7, 2023. Dkt. 1 at 1-3.

In its current iteration, the Third Amended Complaint brings a single count—a state-law defamation claim against Defendant Garris. After the claim arising under federal law was dismissed, Plaintiff moved to remand the case to state court. Dkt. 36. Defendant Garris filed a reply in opposition. Dkt. 38.

Under 28 U.S.C. § 1367(c), the Court has continuing discretion regarding its exercise of supplemental jurisdiction over state law claims. *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 866 (11th Cir. 2022) (citations omitted). Typically, "concerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state law—counsel in favor of dismissing state-law claims after the federal claims are dismissed." *Id.* (citations omitted).

In the instant case, Plaintiff's federal claim has been dismissed. *See* Dkts. 34, 41. The Third Amended Complaint states one remaining count—a state law claim for defamation. Dkt. 41. Having considered "judicial economy, convenience, fairness, and comity," the Court finds that this is the "usual case," in which "the balance of factors . . . point toward declining to exercise pendant jurisdiction." *Silas*, 55 F.4th at 866 (citation omitted). Thus, the Court finds it appropriate to decline supplemental jurisdiction over the remaining state law claim and to remand to state court.

Based upon the foregoing, it is **ORDERED** as follows:

1. The Court hereby exercises its discretion under 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction over the remaining Florida state law claim in this case;

2. The Clerk is **DIRECTED** to remand this case to the Thirteenth Judicial Circuit, Hillsborough County, Florida and to **CLOSE** this case in this Court.

   **DONE AND ORDERED** at Tampa, Florida, on November 1, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record